UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **NORMAN HARTFORD, Individually and for Others Similarly Situated,**<br><br>v.<br><br>**36ENERGY, LLC.** | Case No. 4:20-cv-01504<br><br>Collective Action Pursuant To 29 U.S.C. § 216(b) |

## ORIGINAL COMPLAINT

### SUMMARY

1. 36Energy, LLC (36Energy) failed to pay Norman Hartford (Hartford), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, 36Energy paid Hartford, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Hartford brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court because 36Energy performs substantial work in this District and Division.

6. 36Energy has staffed and currently staffs to the Montgomery Power Station in Montgomery County, Texas, in this District and Division.

7. According to 36Energy, it supplies "key personnel" to support construction, commissioning, project controls, safety and quality control. *See* https://www.36energy.com/mcps (last visited on April 28, 2020).

8. When 36Energy hired him, Hartford was a resident of Houston, Texas.

9. 36Energy's offer letter to Hartford was sent to him at his address in Houston, Texas.

10. Hartford accepted the job and was hired by 36Energy while he lived in Houston, Texas.

11. Hartford currently resides in Spring, Texas, in this District and Division.

12. 36Energy sent each deficient paycheck to Hartford at his address in either Houston, Texas or Spring, Texas.

## THE PARTIES

13. Hartford was an hourly employee of 36Energy.

14. His written consent is attached as Exhibit A.

15. 36Energy is headquartered in Georgia, but provides services throughout the country.

16. 36Energy may be served with process by serving its registered agent Bradley Adams at 5579 Lavender Farms Road, Powder Springs, Georgia, 30127.

## COVERAGE UNDER THE FLSA

17. At all relevant times, 36Energy was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all relevant times, 36Energy was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all relevant times, 36Energy was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

20. At all relevant times, 36Energy had an annual gross volume of sales made in excess of $1,000,000.

21. At all relevant times, Hartford and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

22. 36Energy provides technical and staffing services to the power industry.

23. 36Energy hired Hartford around November of 2017.

24. 36Energy staffed Hartford to Entergy's Lake Charles Power Station.

25. Hartford stopped working for 36Energy in January of 2020.

26. Hartford was a Project Quality Specialist/Quality Assurance Surveyor on behalf of 36Energy.

27. Hartford would ensure work was being performed in compliance with project specifications, OSHA regulations, and industry standards for construction installations.

28. Hartford reported the hours he worked to 36Energy on a regular basis.

29. 36Energy did not guarantee Hartford a salary.

30. Hartford was initially paid $45 for every approved hour worked.

31. Hartford received a raise and was paid $56 for every approved hour worked.

32. If Hartford worked fewer than 40 hours in a week, he was only paid only for the hours worked.

33. For example, in the two week period ending on January 28, 2018, Hartford worked 9 hours.

34. Hartford was paid $45 for those 9 hours.

| | EARNINGS | | | *Not |
|---|---|---|---|---|
| Description | Rate | Hours | Dollars | YTD Hours |
| Hourly Regular | 45.0000 | 9.00 | 405.00 | 169.00 |

35. But Hartford normally worked more than 40 hours in a week.

36. Hartford routinely worked 50 or more hours a week.

37. For example, in the two week period ending on January 26, 2020, Hartford worked 98 hours.

38. In one or both of those weeks, Hartford worked overtime.

39. Hartford was paid the same hourly rate for all hours worked, including the overtime hours.

| | EARNINGS | | | *Not |
|---|---|---|---|---|
| Description | Rate | Hours | Dollars | YTD Hours |
| Hourly Regular | 56.0000 | 98.00 | 5,488.00 | 246.00 |

40. The hours Hartford and the Putative Class Members' work are reflected in 36Energy's records.

41. 36Energy paid Hartford and the Putative Class Members at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

42. Rather than receiving time and half as required by the FLSA, Hartford and the Putative Class Members only received "straight time" pay for overtime hours worked.

43. This "straight time for overtime" payment scheme violates the FLSA.

44. 36Energy was and is aware of the overtime requirements of the FLSA.

45. 36Energy nonetheless failed to pay certain hourly employees, such as Hartford, overtime.

46. Hartford and the Putative Class Members perform job duties in furtherance of the power industry business sector and are subjected to similar compensation practices.

4

47. Hartford and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

48. Hartford and the Putative Class Members regularly worked in excess of 40 hours each week.

49. 36Energy did not pay Hartford and the Putative Class Members on a salary basis.

50. 36Energy paid Hartford and the Putative Class Members "straight time for overtime."

51. 36Energy failed to pay Hartford and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

52. 36Energy knew, or acted with reckless disregard for whether, Hartford and the Putative Class Members were paid on a salary basis or were exempt from the FLSA overtime requirements.

53. 36Energy's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

54. 36Energy's illegal "straight time for overtime" policy extends beyond Hartford.

55. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

56. 36Energy paid numerous hourly workers using the same unlawful scheme.

57. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

58.     The workers impacted by 36Energy's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

59.     Therefore, the class is properly defined as:

**All employees of 36Energy, LLC who were, at any point in the past 3 years, paid "straight time for overtime." (the "Putative Class Members")**

### CAUSE OF ACTION

60.     By failing to pay Hartford and the Putative Class Members overtime at one-and-one-half times their regular rates, 36Energy violated the FLSA's overtime provisions.

61.     36Energy owes Hartford and the Putative Class Members the difference between the rate actually paid and the proper overtime rate.

62.     Because 36Energy knew, or showed reckless disregard for whether its pay practices violated the FLSA, 36Energy owes these wages for at least the past three years.

63.     36Energy is liable to Hartford and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

64.     Hartford and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### JURY DEMAND

65.     Hartford demands a trial by jury.

### PRAYER

66.     Hartford prays for relief as follows:

   a.   An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Putative Class Members;

   b.   Judgment awarding Hartford and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

    c.    An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    d.    All such other and further relief to which Hartford and the Putative Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    Fed. Id. 27157
    Texas Bar No. 24014780
    **Richard M. Schreiber**
    Fed Id. 705430
    Texas Bar No. 24056278
    **JOSEPHSON DUNLAP, LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    rschreiber@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    Fed. Id. 21615
    Texas Bar No. 24001807
    **BRUCKNER BURCH, PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**